UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:   Case No. 17-57681

BRUCE C. ABBOTT, and   Chapter 13
VICKI L. ABBOTT,
   Judge Thomas J. Tucker
          Debtors.
_____/

**ORDER DENYING DEBTOR'S MOTION FOR APPOINTMENT OF NEXT FRIEND**

      This case is before the Court on a motion, purportedly filed by both of the Debtors, entitled "Ex Parte Motion for Appointment of Next Friend"(Docket # 102, the "Motion"). The Motion, which was filed on August 14, 2019, seeks the appointment of "a next friend for the prosecution of the [bankruptcy] petition" so that "the case may proceed and be concluded in the same manner, so far as possible, as though the death [of the Debtor Bruce C. Abbott] or incompetency had not occurred." (Mot. at ¶ 3.)

      The Motion must be denied, for two reasons. First, the Motion does not show that it was filed by or on behalf of anyone with standing to seek the relief sought. The Debtor Bruce C. Abbott died on June 25, 2019 before the Motion was filed, so neither Debtor Bruce C. Abbott nor his attorney had authority or standing to file the Motion seeking relief on behalf of Debtor Bruce C. Abbott.

      Second, the appointment of a "next friend" is not the appropriate relief in this circumstance in any event. Rather, if the case of the deceased Debtor is to continue, rather than be dismissed, any further relief in such case must be sought and obtained by the personal representative of the deceased Debtor's probate estate.

      Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor Bruce C. Abbott. *See In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000))("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3)(stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death"). Appointment of a next friend for a deceased debtor is not the proper procedure; rather, any further filings on behalf of Bruce Abbott's decedent's

estate must be filed by the state-court appointed personal representative of that estate. And this Motion does not show that the joint debtor Vicki Abbott is such personal representative.

Accordingly,

IT IS ORDERED that the Motion (Docket # 102) is denied.

**Signed on August 16, 2019**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**

2